IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3080 |
| vs. | |
| KIMBERLY BRUMMETT, | ORDER |
| Defendant. | |

The defendant has filed a motion (filing 52) to reduce her sentence pursuant to 18 U.S.C. § 3582, premised on an alleged amendment to the Sentencing Guidelines—"Adjustment for Certain Zero-Point Offenders"—that provides a 2-level downward adjustment to the offense level for defendants with no criminal history whose offenses fit within the guideline's criteria. *See* 88 Fed. Reg. 28254, 28271 (May 3, 2023) (to be codified at U.S.S.G. § 4C1.1). The Court will deny the defendant's motion.

There are two problems with the defendant's motion. The first is that it's not (yet, if ever) supported by the Guidelines. The defendant represents that the Sentencing Commission has voted on amendments to the Guidelines and that the amended § 4C1.1 will provide a 2-level retroactive increase effective November 1, 2023. That's not quite right.

The Sentencing Commission has promulgated the proposed amendments to the Guidelines and submitted them to Congress. They're likely to take effect on November 1—but only if the amendments aren't modified or disapproved of by Congress. *See* 28 U.S.C. § 994(p). More importantly, however, the zero-point adjustment hasn't been made retroactive—at least, not yet. The Sentencing Commission has requested *comment* on whether the zero-point adjustment

should be included in U.S.S.G. § 1B1.10 as an amendment that may be applied retroactively. *See* 88 Fed. Reg. at 28254. But that's far short of actually doing it. Until the Sentencing Commission actually makes that decision, any motion is premature.

But the second problem with the defendant's motion is more fundamental—pursuant to § 3582(c)(2), the Court may reduce a sentence that was based on a sentencing range that's been lowered by the Sentencing Commission pursuant to § 994(o), "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Court concedes that § 4C1.1 would appear to apply to the defendant, if it was enacted as proposed and made retroactive. *See* 88 Fed. Reg. at 28271. But the § 3553(a) factors are more of a problem for her.

It is true that the defendant technically had no criminal history. *See* filing 50 at 15. But that technicality is premised on the fact that the defendant's *actual* criminal history was all part of the same scheme. In fact, as a practical matter, the defendant actually had an extensive history of theft "[f]rom an unknown date, but at least as early as June 2008, to on or about October 10, 2019." Filing 50 at 4. She stole at least $1,666,128.13 over the course of her criminal career. *See* filing 50 at 12. It just happened to be that she stole everything from the same victim, using the same method.

As the Court explained at sentencing, the defendant wasn't living a law-abiding life before committing an isolated crime—rather, she was leading a lifestyle well above her means for a number of years, with embezzled money. The Court is not likely to be persuaded, when the § 3553(a) factors are considered, that the defendant should benefit from an adjustment intended to

- 2 -

benefit offenders with no criminal history, when she actually broke the law this many times over this many years. Accordingly,

> IT IS ORDERED that the defendant's motion to reduce sentence ([filing 52](#)) is denied.

Dated this 9th day of May, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge